UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
CARLOS ROBINSON,

                      Plaintiff,

    -against-                    **COMPLAINT**

CITY OF NEW YORK,
ANTHONY LICATA, and,
JOHN and JANE DOES 1-2,

                      Defendants.
---------------------------------X

        Plaintiff Carlos Robinson, by his attorney, Michael Lumer, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Carlos Robinson, was an adult male resident of the Bronx within the City and State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, defendant Anthony Licata, whose tax number is 936956, was employed by the City of New York as a member of the NYPD. Licata is sued herein in his individual capacity.

        4.     At all relevant times hereinafter mentioned, defendants John and Jane

Does 1 through 2 (the "Doe defendants"), were employed by the City of New York as members of the NYPD, but whose identities are not presently known to the plaintiff. The Doe defendants are sued herein in their individual capacity.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

6. The action is properly venued in the Eastern District as the majority of the events complained of occurred in Kings County.

## RELEVANT FACTS

7. During the morning hours of January 22, 2023, plaintiff was lawfully present in a courtroom in the Bronx, New York.

8. Plaintiff was not committing any criminal offenses or otherwise engaging in any unlawful or illegal conduct.

9. While present at the courthouse plaintiff was taken into custody by or at the direction of NYPD officers, including, upon information belief, defendants Licata and one or both Doe defendants.

10. Plaintiff was transported to the NYPD's 109 precinct station house, where he was held in custody for a matter of hours without explanation.

11. Plaintiff's criminal counsel, who was aware of the arrest, contacted defendant Licata and advised him that plaintiff was represented and should not be questioned. She further informed the defendant that she wanted to be present for any identification procedures involving the plaintiff should any be held.

12. Despite the unequivocal communication that plaintiff was represented by counsel and that plaintiff was invoking his right to silence, the two defendants who arrested plaintiff at the courthouse in the Bronx attempted to question plaintiff about one or more robberies that had occurred somewhere in Queens on unknown or unstated dates.

13. During the interrogation the two defendants were joined by a third defendant.

14. Plaintiff's counsel was not present for any part of the interrogation.

15. While at the 109 station house plaintiff was taken to a room where it appeared line-ups and show-ups were conducted and held there for a period of time.

16. Although it was not conclusively confirmed, plaintiff reasonably believes that one or more show up identification procedures were held.

17. No notice that any identification procedures were being held or were going to be held was provided to plaintiff's counsel.

18. Plaintiff, still in the defendants' custody, was subsequently transported to Queens County Central Booking to await his arraignment, despite the fact that plaintiff was still unsure why he had been arrested or what he was being charged with.

19. Upon information and belief, while plaintiff was in defendants' custody following his arrest, the defendants completed, or caused to be completed, arrest paperwork in which one or more of the defendants falsely claimed that plaintiff had committed one or more crimes in order to justify his arrest and to persuade the Queens County District Attorney ("QCDA") to prosecute plaintiff.

20. Notwithstanding the defendants' best efforts, the QCDA declined to file any charges against the plaintiff, who was subsequently released released from custody.

21. At no time did the defendants have probable cause to arrest plaintiff on January 22, 2023.

22. To the extent that any of the individual defendants did not participate personally in the arrest of the plaintiff, or the creation of a false narrative surrounding his arrest, each such defendant was present for the arrest and failed to intervene or otherwise attempt to protect plaintiff from being arrested and held in custody without adequate legal cause or wrongly prosecuted as a result.

23. At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the above mentioned misconduct.

24. All of the injuries suffered by plaintiff were proximately caused by the defendants false arrest and fabrication of evidence.

25. At all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

### (§1983 False Arrest Claim Against the Individual Defendants)

26. Plaintiff repeats the preceding allegations as though stated fully herein.

27. Defendant Licata and the Doe defendants arrested plaintiff without probable cause or any reasonable basis to believe that probable cause existed.

28. Defendant Licata and the Doe defendants caused plaintiff to be deprived of his liberty.

29. Plaintiff was aware that he was being deprived of his liberty and did not consent to this deprivation.

30. By so doing, the individual defendants caused plaintiff to be subjected to false arrest and imprisonment in violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

31. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

### (§1983 Fabricated Evidence/Denial of Fair Trial Claim Against the Individual Defendants)

32. Plaintiff repeats the preceding allegations as though stated fully herein.

33. The individual defendants willfully and intentionally subjected plaintiff to the denial of his right to a fair trial by fabricating evidence and communicating said materially false statements and/or materially misleading factual claims to the QCDA, thereby causing plaintiff to suffer a loss of liberty.

34. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated

to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

35. By so doing, the individual defendants directly subjected the plaintiff to the denial of a fair trial through the use of fabricated evidence or through the failure to intervene in such misconduct by their fellow officers, and aided and abetted in the violation of, plaintiff's rights under the Fourth, Sixth, and/or Fourteenth Amendments of the United States Constitution.

36. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

**(New York City Administrative Code §8-802 et seq.
Against the City of New York and the Individual Defendants)**

37. Plaintiff repeats the preceding allegations as though stated fully herein.

38. Each of the individual defendants is liable under the New York City Administrative Code (§8-802) for the false arrest and imprisonment of the plaintiff, including and throughout the entirety of his criminal prosecution.

39. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

40. The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

41. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of his liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

[Remainder of Page Intentionally Blank]

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

i. actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York City Administrative Code §8-805, as well as all expenses and costs of the action;

iv. an order issued by this Court expressly restraining each individual defendant found liable from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

v. such other relief as the Court deems just and proper.

Dated: New York, New York
June 13, 2023

                                            LUMER LAW GROUP
                                            Attorneys for Plaintiff

                                            Michael Lumer, Esq.
                                            14 Wall Street, Suite 1603
                                            New York, New York 10005
                                            (212) 566-5060